IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ANTHONY MBA and
OLIVIA MBA,

      Plaintiffs,

v.                                                  Civil Action No. 3:13-CV-4769-L-BK

HSBC BANK USA, N.A. and
OCWEN LOAN SERVICING, LLC,

      Defendants.

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Judge's *Standing Order of Reference*, Doc. 4, the Court now considers Plaintiff's *Opposed Motion for Leave to Amend Complaint*, Doc. 11. For the reasons that follow, the Court recommends that the motion be **GRANTED IN PART AND DENIED IN PART**.[1]

**A. Procedural History**

In September 2013, Plaintiffs filed a petition in state court seeking damages as well as injunctive and declaratory relief arising out of the foreclosure of two parcels of real property that they previously had owned. Doc. 1-3 at 5-6. They acknowledge in their petition that the parties to the suit are the same parties to a 2009 lawsuit over the same subject matter and real property (the "First Action"). Doc. 1-3 at 3; *HSBC Bank USA, N.A. vs. Mba*, Case No. 78363, 40th Jud.

---

[1] **Error! Main Document Only.** The law is not settled regarding whether a motion to amend involving a futile amendment is a case dispositive motion under 28 U.S.C. § 636. *Compare Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (holding that because the magistrate judge's denial of the plaintiff's motion to amend his complaint merely prevented him from adding a defendant, the motion to amend was a nondispositive matter) *with HCC, Inc. v. R H & M Mach. Co.*, 39 F.Supp.2d 317, 321 (S.D.N.Y. 1999) (holding that the denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility of the proposed amendment). Accordingly, the undersigned is issuing a recommendation on the motion rather than an order.

Dist. Ct., Ellis County Texas (filed 4/3/09).  In their current petition, they allege that, after summary judgment was entered against them in the First Action, Defendants offered to settle the matter in late February 2013, and Plaintiffs thereby accepted a loan modification upon Defendants' assurance that certain unresolved title issues would be taken care of.  Doc. 1-3 at 6-7.  After Plaintiffs were delayed in executing the final settlement paperwork until later that spring, Defendants refused to go forward with the settlement, and Plaintiffs thereafter received a notice of sheriff's sale of the property.  Doc. 1-3 at 7-8.  In their current case, Plaintiffs sued Defendants for (1) breach of contract and anticipatory breach of contract; (2) a declaratory judgment regarding the parties' rights and obligations under the settlement agreement; (3) injunctive relief preventing the sheriff's sale of the property; and (4) a freeze of all transactions regarding the property and an order directing Defendants to unwind the transaction.  Doc. 1-3 at 9-14.  After answering the petition, Defendants removed the action to this Court based on diversity jurisdiction.  Doc. 1 at 2-4; Doc. 1-3.

      Plaintiffs now move to amend their complaint to add numerous causes of action as well as two new defendants, Saxon Mortgage Services ("Saxon") and Wells Fargo Bank, N.A. ("Wells Fargo").  In their proposed amended complaint, they allege that, in connection with a prior foreclosure of their property in 2006, Saxon never credited the amount earned from the foreclosure sale − $485,350.00 – to Plaintiffs' note, nor did Defendants seek to evict them from the property or seek a deficiency judgment against them for any further amounts due.  Doc. 11-1 at 10-13.  Plaintiffs further aver that in 2009, Saxon and Wells Fargo sued Plaintiffs for damages and a second foreclosure (i.e., the First Action), seeking over $780,000.00, but failed to mention or credit the prior foreclosure and the title insurance proceeds Defendants had obtained in connection with a title problem relating to one of the parcels of real estate on the property.  Doc.

2

11-1 at 14, 17-18. Plaintiffs acknowledge that the state court ultimately granted summary judgment in Defendants' favor in the First Action. Doc. 11-1 at 21-22. Plaintiffs appealed that judgment, but the appellate court dismissed the case for lack of prosecution in September 2012. Doc. 12-3 at 1.

In support of their request to add Saxon and Wells Fargo as defendants, Plaintiffs claim that (1) Defendant Ocwen Loan Servicing ("Ocwen") purchased or merged with Saxon, a mortgage loan servicer; and (2) Wells Fargo is Trustee for Defendant HSBC Bank. Doc. 11-1 at 4, 6-7. Plaintiffs' proposed new causes of action against Wells Fargo, Saxon, and Defendants are for:

(1) quiet title;

(2) declaratory relief in relation to the validity of the second foreclosure as well as a declaration that Defendants breached the 2013 settlement agreement;

(3) violations of the Fair Debt Collection Practices Act ("FDCPA") against Defendant Ocwen for:

>   (a) harassing, oppressing, or abusing Plaintiffs in connection with the collection of a debt;
>
>   (b) knowingly misrepresenting various matters and executing a judicial foreclosure despite entering into or leading Plaintiffs to believe that they had contracted for a loan modification;
>
>   (c) proceeding with the foreclosure sale despite knowing that the amount of debt charged to Plaintiffs failed to include appropriate offsets, and that the judgment and foreclosure sale in the First Action were void and violated various provisions of the FDCPA; and
>
>   (d) using unfair or unconscionable means to collect or attempt to collect a debt in violation of the FDCPA;

(4) invading Plaintiffs' common law right to privacy and intruding upon Plaintiffs' seclusion in their home;

(5) fraud, fraud in the inducement, and misrepresentation in relation to Defendants' allegedly false statements and omissions which led to the second foreclosure and sale of

the property, induced Plaintiffs to enter into a settlement agreement and loan modification agreement which Defendants never intended to fulfill, and negatively affected Plaintiffs' credit;

(6) fraud in a real estate transaction in violation of Texas Business and Commerce Code chapter 27 based on Defendants' false statements and omissions as previously alleged; and

(7) an accounting.

Doc. 11-1 at 27-43.

In short, Plaintiffs allege that the second foreclosure and the sheriff's sale, conducted pursuant to the judgment of the state court, were void and they should be relieved of the adverse judgment against them.[2]  Doc. 11-1 at 30-34.  They acknowledge that they seek to collaterally attack the state court judgment and order of sale in the First Action on the basis that, among other reasons, they were allegedly entered by a court that lacked jurisdiction over the subject matter and parties.  Doc. 11 at 4-5.  Plaintiffs maintain that the timing of this amendment will cause no delay, hardship, prejudice or other inconvenience to Defendants.  Doc. 11 at 5.

Defendants oppose the motion to amend, arguing that Plaintiffs' potential causes of action are futile as the matters at issue were fully adjudicated by a court of competent jurisdiction and an adverse final judgment was entered.  Doc. 12 at 1.  Thus, the proposed amendments are barred by *res judicata*.  Doc. 12 at 1-2.  Defendants also argue that the proposed claims are barred by the applicable statute of limitations, allowing an amendment to the complaint would unduly prejudice them in having to re-litigate issues already decided, and the proposed claims are frivolous.  Doc. 12 at 2-3.  Plaintiffs did not file a reply.

---

[2] Apparently, the sheriff's sale of the property took place between the Plaintiffs' filing of their original petition and this motion to amend.

### B. Applicable Law

Federal Rule of Civil Procedure 15(a) requires a trial court to grant a party leave to amend a complaint freely, and the language of the rule "evinces a bias in favor of granting leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted).  Leave to amend is by no means automatic, but the court must have a "substantial reason" to deny a party's request to amend.  *Id.*  In deciding whether to grant or deny a motion to amend, the court may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment."  *Id.* (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)).  "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."  *Id.*

Because the prior judgment entered in the First Action is from a Texas state court, this Court must give that judgment the preclusive effect it would be given under Texas law.  *EEOC v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007).  In Texas, a party seeking to have an action dismissed based on *res judicata* must show (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) that the same parties, or those in privity with them, were involved in the prior case; and (3) that the second action is based on the same claims that were raised or that could have been raised in the first action.  *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

"The scope of *res judicata* is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties . . . not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit."  *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630 (Tex.

1992). Texas courts apply the "transactional" approach to determine whether a second action is based on the same claims as the first action. *Id.* at 630-31. Under this approach, the subject matter of the suit is determined based on the factual matters that make up the gist of the complaint, and any claim that arises out of those facts should be litigated in the same lawsuit. *Id.*

### C. Analysis

As Defendants correctly argue, several of Plaintiffs' proposed claims arise out of the events leading up to the second foreclosure and resulting sheriff's sale and could have been litigated in the First Action. *Id.* at 630-31. The claims therefore barred by *res judicata* include those for (1) quiet title; (2) declaratory judgment to the extent Plaintiffs seek a declaration that the foreclosure and sheriff's sale are void; (3) violations of the FDCPA against Defendant Ocwen for (a) harassing, oppressing, or abusing Plaintiffs in connection with the collection of a debt; (b) proceeding with the foreclosure sale despite knowing that the amount of the debt was inaccurate and that the judgment and foreclosure sale were void; and (c) using unfair or unconscionable means to collect or attempt to collect the debt; (4) invading Plaintiffs' common law right to privacy and intruding upon the seclusion of their home by foreclosing; (5) fraud, fraud in the inducement, and misrepresentation in relation to Defendants' allegedly false statements and omissions leading up to the second foreclosure and sheriff's sale; (6) fraud in a real estate transaction in relation to any acts by Defendants that led to the second foreclosure and sheriff's sale; and (7) an accounting in connection with proceeds of the sheriff's sale and title insurance. *Amstadt*, 919 S.W.2d at 653. Moreover, both of the proposed defendants, Saxon and Wells Fargo, were parties to the First Action. *Id.*; *see* Doc. 12-4 at 1. Accordingly, Plaintiffs' motion for leave to amend their complaint to raise those causes of action should be **DENIED**.

Several other claims that relate to Defendants' alleged breach of the settlement agreement are still at issue, however. As an initial matter, Plaintiffs' request to add a claim for declaratory relief in relation to the alleged breach of that agreement is unnecessary because they already have such a claim in their complaint. Doc. 1-3 at 9-11. Accordingly, Plaintiffs' motion for leave to amend their complaint to add that cause of action should be **DENIED AS MOOT**. Plaintiffs' allegation that Defendants made misrepresentations and led Plaintiffs to believe that they had entered into a loan modification could potentially state a claim under the FDCPA. *See* 15 U.S.C. § 1692e(10) (prohibiting the "use of any false representation or deceptive means to collect or attempt to collect any debt"). Accordingly, Plaintiffs' motion for leave to amend their complaint to add that claim as to Defendant Ocwen should be **GRANTED**.

On the other hand, Plaintiffs' proposed fraud-based claims, while potentially viable if pled in the alternative to their breach of contract claims, are not sufficiently pled as required under Federal Rule of Civil Procedure 9(b). *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010) (holding that state law fraud claims are subject to the heightened pleading requirements of Rule 9(b) such that a complaint alleging fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.") (citation omitted). Because as presently pled, the fraud claims could not survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiffs' motion for leave to amend their complaint to add those causes of action should be **DENIED WITHOUT PREJUDICE**.

### D. Recommendation

For the reasons stated, Plaintiffs' *Opposed Motion for Leave to Amend Complaint*, Doc. 11, should be **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs should be given 21 days from the date of this Recommendation to file their amended complaint to the extent permitted herein.

**SO ORDERED** on September 2, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE