IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY MBA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CASE NO. 3:13-CV-4769-L-BK |
| | § | |
| HSBC BANK USA N.A., et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGSTRATE JUDGE**

Pursuant to *Special Order 3*, this case was referred to the magistrate judge for pretrial management. The Court now considers Defendants' *Motion for Summary Judgment.* Doc. 49. By their motion, Defendants request "that this Court enter judgment that Plaintiffs take nothing in their lawsuit, and that Defendants be awarded all other relief to which they may be justly entitled." Doc. 49-1 at 23. For the reasons that follow, it is recommended that Defendants' *Motion for Summary Judgment* be **GRANTED** and this case be **DISMISSED WITH PREJUDICE**.

**A. Procedural History**

In September 2013, Plaintiffs filed a petition in state court seeking damages as well as injunctive and declaratory relief arising out of the foreclosure and sheriff's sale of two parcels of real property that they previously had owned. Doc. 1-3 at 5-6. The parties to this suit are the same parties to a 2009 lawsuit over the same subject matter and real property (the "First Action"). Doc. 1-3 at 3; *HSBC Bank USA, N.A. vs. Mba*, Case No. 78363, 40th Jud. Dist. Ct., Ellis County Texas (filed on April 3, 2009). In Plaintiffs' current petition, they allege that after summary judgment was entered against them in the First Action, Defendants offered to settle the matter in late February 2013, and Plaintiffs thereby accepted a loan modification. Doc. 1-3 at 6-7. Plaintiffs claim that after they were delayed in executing the final settlement agreement paperwork, Defendants refused to go forward

with the settlement and instead put the property up for offer at a sheriff's sale. Doc. 1-3 at 7-8. In response, they sue Defendants for (1) breach of contract and anticipatory breach of contract; (2) a declaratory judgment regarding the parties' rights and obligations under the settlement agreement; (3) injunctive relief preventing the sheriff's sale of the property; and (4) a freeze of all transactions regarding the property and an order directing Defendants to unwind the transaction. Doc. 1-3 at 9-14. After answering the petition, Defendants removed the action to this Court based on diversity jurisdiction. Doc. 1 at 2-4; Doc. 1-3. Plaintiffs subsequently amended their complaint to add a cause of action for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10). Doc. 21 at 25. Defendant then filed the instant summary judgment motion. Doc. 49.

Plaintiffs, who are represented by counsel, were required to file their response, if they opposed the relief requested, by August 19, 2015, but they did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions). Subsequently, the Court directed Plaintiffs to show cause in writing why they failed to respond to Defendants' summary judgment motion. Counsel responded that his clients "have provided no information or documentation to their attorney necessary for him to render a Response in Opposition to Defendants' Motion for Summary Judgment" and have generally failed to communicate with him and perform their obligations as clients. Doc. 52 at 1.

**B. Applicable Law**

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most

favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine dispute of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* at 587.

If a party does not file a response to a summary judgment motion, a court is not permitted to enter a "default" summary judgment.  *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).  The court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed.  *Id.*  Further, a summary judgment nonmovant who does not respond to the motion is relegated to his pleadings, which, if unsworn, do not constitute competent summary judgment evidence.  *Assoc. of Taxicab Op, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (Godbey, J.) (citing *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445 (5th Cir. 1996); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (holding that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment).  Plaintiffs' pleadings are not verified and, therefore, they have presented no summary judgment evidence.  Accordingly, the court accepts Defendants' evidence and facts as undisputed.

**C.  Argument and Analysis**

Defendants argue that they are entitled to summary judgment on (1) Plaintiffs' breach of contract claim because Plaintiffs breached the material terms of their agreement first; and (2) FDCPA claim because there is no evidence that Defendants made any false representations to Plaintiffs regarding a loan modification.  Doc. 49-1 at 8, 14.  In support of their motion, Defendants submitted

evidence which demonstrates the following: In October 2004, Plaintiffs executed a $500,000 adjustable rate note secured by a Deed of Trust (the "Deed") for property located at 311 Spring Creek Drive, Waxahachie, Texas 75165 (the "Property"). In due course, Defendant HSBC filed an action in state court seeking judicial foreclosure of its lien against the Property pursuant to the Deed, and the state court entered judgment against Plaintiffs in November 2011, judicially foreclosing on the lien. [Doc. 49-2 at 22-26](Doc. 49-2 at 22-26).

In February 2013, Defendants' counsel sent Plaintiffs' former counsel an offer to settle the parties' dispute with either a loan modification or a deed-in-lieu of foreclosure ("the Settlement Offer"). [Doc. 49-2 at 8-9](Doc. 49-2 at 8-9). After Plaintiffs missed a series of deadlines to respond to and accept the Settlement Offer, as well as to tender the correct initial payment, Defendants' counsel notified Plaintiffs' counsel that Plaintiffs needed to return the settlement and loan modification documents and provide a check in the correct amount no later than April 4, 2013. [Doc. 49-2 at 14](Doc. 49-2 at 14). When defense counsel had not received the required documents and funds by April 11, 2013, he sent an email to Plaintiffs' counsel asking him to confirm that Plaintiffs had decided not to settle the matter. [Doc. 49-2 at 14](Doc. 49-2 at 14). On April 18, 2013, having not heard from Plaintiffs' counsel, Defendants rescinded the Settlement Offer. [Doc. 49-2 at 6](Doc. 49-2 at 6). On May 6, 2013, Plaintiffs' counsel contacted defense counsel stating that the settlement agreement was signed and that he had a check from Plaintiffs. [Doc. 49-2 at 21](Doc. 49-2 at 21). However, the check did not include funds for Plaintiffs' April and May payments, which counsel advised he would follow up on with his clients. [Doc. 49-2 at 6](Doc. 49-2 at 6). Defendants' counsel heard nothing further from Plaintiffs and never received the signed settlement agreement, loan modification agreement, or funds owed for the April and May payments. [Doc. 49-2 at 6](Doc. 49-2 at 6). Pursuant to a state court order, the sheriff conducted a public sale of the Property in July 2013. [Doc. 49-2 at 29-32](Doc. 49-2 at 29-32); [Doc. 49-2 at 33-37](Doc. 49-2 at 33-37).

*1. Breach of Contract*

Plaintiffs claim in their *Amended Complaint* that Defendants refused to accept their signed settlement and loan modification documents and funds in violation of the parties' agreement and despite the fact that there were no "express dates" for Plaintiffs' compliance. Doc. 21 at 17-20. Under Texas law, to plead a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract; (2) that he performed or tendered performance under the contract; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages as a result of the breach. *Sport Supply Group, Inc. v. Columbia Cas. Co*., 335 F.3d 453, 465 (5th Cir. 2003).

Under the terms of Settlement Offer, Plaintiffs were required to sign a "formal settlement and release agreement" and make the first monthly payment of $4,283.30 on April 1, 2013, and each subsequent monthly payment on the first of each month thereafter. Doc. 49-2 at 8. Plaintiffs breached these material terms by failing to timely tender the April and May payments and return the signed settlement and loan modification agreements. Although Plaintiffs claim in their unverified complaint that there was no express deadline to return the documents to Defendants, Doc. 21 at 18, they have provided no supporting evidence of that. As previously stated, Plaintiffs' unverified statements are not competent summary judgment evidence. *Assoc. of Taxicab Op.*, 910 F. Supp. 2d at 975. On the other hand, Defendants have provided evidence that, in addition to the original April 1 deadline, they set numerous deadlines for Plaintiffs to submit the required documents and funds, and that those deadlines, including the final one, were consistently missed. *See* Doc. 49-2 at 14. In short, Plaintiffs breached the contract that they now seek to enforce, and their breach of contract claim thus fails. *Sport Supply*, 335 F.3d at 465. Thus, Defendants' motion for summary judgment should be granted as to this claim.

*2. Violation of Section 1692e(10) of the FDCPA*

Section 1692e(10) of the FDCPA prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Plaintiffs claimed in their *Amended Complaint* that Defendants violated this provision by knowingly misrepresenting the legal status of Plaintiffs' debt and conducting a judicial foreclosure procured by fraud, while leading Plaintiffs to believe they had entered into a settlement agreement and loan modification. Doc. 21 at 25-26.

As an initial matter, Plaintiffs have submitted no evidence that Defendants ever made any false representation or used a deceptive means to collect a debt from them. As previously noted, the Court cannot accept their unverified statements that such activity took place as competent summary judgment evidence. *Assoc. of Taxicab Op.*, 910 F. Supp. 2d at 975. Further, Defendants were not engaged in debt collection activity at the time of the events in question. The Property already had been judicially foreclosed in November 2011, 15 months before Defendants extended the Settlement Offer that Plaintiffs claim was ultimately breached. As such, their claim under the FDCPA fails and Defendants' motion for summary judgment should likewise be granted as to this claim.

*3. Declaratory Judgment*

Plaintiffs' declaratory relief claim also fails. When a state-filed declaratory judgment action is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, * 5 n.11 (N.D. Tex. 2011) (Fitzwater, C.J.). That Act provides that a federal court may declare the rights and legal relations of any interested party. However, the availability of a declaratory judgment depends upon the existence of an underlying judicially remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). In this case, because Plaintiffs' substantive claims fail for the reasons stated above, they are not entitled to any relief under the Declaratory Judgment Act. *See Marban v. PNC Mortg.*, No.

3:12-CV-3952-M, 2013 WL 3356285, at *11 (N.D. Tex. 2013) (Lynn, J.) (declining to entertain plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

### D. Conclusion

For the reasons stated above, it is recommended that Defendants' *Motion for Summary Judgment*, Doc. 49, be **GRANTED**, and this case be **DISMISSED WITH PREJUDICE.**

**SO RECOMMENDED** on December 4, 2015.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE